**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE
MDD_TJSchambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
Fax (410) 962-3630

March 11, 2013

Louis P Malone, III
R. Richard Hopp
O'Donoghue and O'Donoghue LLP
4748 Wisconsin Ave, NW
Washington, DC 20016

Denise M Clark
Clark Law Group, PLLC
1250 Connecticut Ave, NW
Suite 200
Washington, DC 20036

RE:   *Trustees of the Heating, Piping and Refrigeration Pension Fund, et al. v. Conditioned Air Systems, Inc., et al.*
      Civil No. CCB-12-604

Dear Counsel:

      This case has been referred to the undersigned for the resolution of Plaintiffs' Motion to Compel Defendants' Responses to Discovery (ECF No. 21), Defendants' Response in Opposition (ECF No. 23), and Plaintiffs' Reply (ECF No. 24). I have reviewed the submissions and find that no hearing is necessary. Loc. R. 105.6. For the following reasons, Plaintiffs' Motion to Compel (ECF No. 21) is GRANTED IN PART and DENIED IN PART.

      Plaintiffs commenced this action on February 24, 2012. (ECF No. 1). Defendants filed their Answer to Plaintiffs' Complaint on May 23, 2012. (ECF No. 12). On June 20, 2012, Judge Blake held a conference call with counsel to "discuss the appropriate schedule in this case." (*See* ECF No. 13). Thereafter, on June 27, 2012, Judge Blake issued a letter to counsel confirming that the case had been referred to a United States Magistrate Judge for a settlement conference, and that, in the absence of a scheduling order, "[c]ounsel may engage in discovery as agreed upon prior to the mediation." (ECF No. 16). On October 1, 2012, a settlement conference was held before Judge Gauvey. (ECF No. 19).

      On October 9, 2012, after the settlement conference proved unsuccessful, Plaintiffs served document production requests on Defendants ("October document requests"). (ECF Nos. 24-1, 24-2). Defendants did not produce the requested documents, did not raise any objections, and did not move for a protective order. On January 8, 2013, Plaintiffs filed a Motion to Compel Defendants' Reponses to Discovery, requesting that the Court enter default judgment against the Defendants, or alternatively, find that all of Defendants' objections to the document production requests have been waived.

      Local Rule 104.4 controls the commencement of discovery in civil proceedings. This rule provides that

Civil No. CCB-12-604
March 11, 2013
Page 2

> [u]nless otherwise ordered by the Court or agreed upon by the parties . . . discovery shall not commence and disclosures need not be made until a scheduling order is entered.

Loc. R. 104.4.

The scheduling order in this case was entered on February 5, 2013. (ECF No. 25). Judge Blake's June 27, 2012 letter to the parties provided that, pending the resolution of the settlement conference, the parties could "engage in discovery *as agreed*." (ECF No. 13) (emphasis added). Any discovery requests served before February 5, 2013, in the absence of an agreement between the parties, were improper. *See generally Madison v. Harford County*, 268 F.R.D. 563, 565 (D. Md. 2010). In their Motion to Compel, Plaintiffs do not contend that the parties agreed to engage in discovery with respect to Plaintiffs October document requests, and Defendants contend that there was no such agreement. (*See* ECF No. 23-1).

Plaintiffs' October document requests were premature. Plaintiffs should have waited until the Court issued a scheduling order to make these requests. Otherwise, Plaintiffs were required to secure an agreement from Defendants that such requests could be made before the scheduling order was issued. At the same time, Defendants acted improperly in failing to respond, object, or move for a protective order with respect to the October document requests. Rule 34(b)(2) provides that a party "must respond in writing within 30 days after being served" with a document production request. Defendants' failure to respond does not comply with the requirements of the Rules, notwithstanding that Plaintiffs' document requests were untimely.[1]

As discovery continues in this matter, the parties should recall that the spirit of the discovery rules requires "cooperation rather than contrariety, communication rather than confrontation." *Mancia v. Mayflower Textile Services Co.*, 253 F.R.D. 354, 357-58 (D. Md. 2008). It is not productive for a party to conclude that a discussion between the parties concerning discovery problems is unnecessary because "there [is] not anything to talk about." (ECF No. 24 at 5). In this case, for example, the parties' submissions on this discovery dispute total nearly 100 pages. As a result of this Court's order, the parties are now in the same place as they would have been had they informally resolved their discovery dispute. For example, the parties might have agreed that Defendants' responses to the October document production requests would be due by 30 days after the Court issued the scheduling order. This solution would have required relatively little creativity, and would have permitted the parties to focus their resources on the substantive issues at stake in this case.

---

[1] Approximately one month after the settlement conference, Defendants' current counsel filed a Notice to Substitute Attorney, requesting that the Clerk enter her appearance in place of Defendants' former counsel. (ECF No. 20). A review of the submissions suggests that Defendants' response to the discovery requests may have arisen as a result of the Defendants' transition from their former counsel to their current counsel. Regardless of the reason for Defendants' failure to respond, it was improper.

Civil No. CCB-12-604
March 11, 2013
Page 3

      Defendants are directed to respond[2] to Plaintiffs' October document production requests within 30 days from the date of this Order.[3] Plaintiffs' Motion to Compel is otherwise denied.

      Despite the informal nature of this letter, it will constitute an Order of the Court and will be docketed accordingly.

      Very truly yours,

      /s/
      Timothy J. Sullivan
      United States Magistrate Judge

---

[2] Objections to document production requests must be stated with particularity and specificity; objections may not be "boilerplate." *See Hall v. Sullivan*, 231 F.R.D. 468, 470 (D. Md. 2005) (holding that "implicit within Rule 34 is the requirement that objections to document production requests must be stated with particularity in a timely answer, and that a failure to do so may constitute a waiver of grounds not properly raised, including privilege or work product immunity, unless the court excuses this failure for good cause shown").

[3] In the event the Defendants fail to comply with this Order compelling the production of discovery, the requesting party may file a Motion for Sanctions pursuant to Fed. R. Civ. P. 37(b) and the Court may issue the following sanctions: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).